UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 15-9-ART-(2) |
| ) | |
| v. ) | |
| ) | |
| FREDDIE B. KENNEDY, JR., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The government cannot prosecute someone twice for the same offense. But it can prosecute someone who breaks the same law a second time. The government says that Freddie Kennedy, Jr., meets that description. Because the government has backed up that claim by a preponderance of the evidence, this prosecution may proceed.

I.

Freddie Kennedy, Jr., ran a drug operation out of Knott County, Kentucky. He sponsored a small crew of people to travel to pain clinics in Georgia where they would get prescriptions for drugs to then sell back in Kentucky. *See* Plea Agreement of Freddie Kennedy, Jr., *United States v. Kennedy*, No. 7:14-cr-00010-ART-(1) (E.D. Ky. Aug. 1, 2015). But the law eventually caught up with Kennedy and his pill crew. In March 2014, the government indicted Kennedy and his crew—his son, Freddie Kennedy, III, and Jamie Williams—for conspiracy to traffic oxycodone. Indictment, *Kennedy*, No. 7:14-cr-00010-ART-(1) (E.D. Ky. Mar. 27, 2014). The government alleged this three-person conspiracy went on from March 2011 to March 2013. *Id.* at 1. Kennedy eventually agreed to plead guilty and was released on

bond. Order, *Kennedy*, No. 7:14-cr-00010-ART-(1) (E.D. Ky. Apr. 11, 2014). He was out for about a year and a half before his sentencing. *See* Judgment, *Kennedy*, No. 7:14-cr-00010-ART-(1) (E.D. Ky. Nov. 12, 2015). The government says that Kennedy spent that time assembling a new and larger pill crew and sending them to new pain clinics in Florida, Kansas, and elsewhere throughout the Midwest. R. 295 at 9; R. 1 at 2–7 (affidavit of Detective Richard A. Dalrymple); R. 212 (Kennedy's indictment); R. 295 at 2, 9–10.

So Kennedy is back in this Court. And once again he faces charges of conspiracy to distribute oxycodone. R. 212. But Kennedy says that he has already been punished for his crimes. He argues that, if true, his alleged actions in this second case were part of the same conspiracy as the first one. Thus, Kennedy moves to dismiss the conspiracy charge against him on the grounds that it violates the Double Jeopardy Clause of the Fifth Amendment. R. 276.

II.

The Double Jeopardy Clause protects a person from multiple prosecutions for the same offense. U.S. Const. amend. V; *Brown v. Ohio*, 432 U.S. 161, 164–66 (1977). Generally, courts apply the test laid out in *Blockburger* to determine whether two offenses are one and the same. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Under *Blockburger*'s "same evidence" test, the government may prosecute someone for two separate crimes if each "requires proof of a fact that the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). But the Sixth Circuit, among others, has consistently held that the *Blockburger* test is "inadequate" to protect the rights of defendants in conspiracy cases. *United States v. Jabara*, 644 F.2d 574, 576 (6th Cir. 1981); *see also United States v. Tercero*, 580 F.2d 312 (8th Cir. 1978). That is because in conspiracy cases the government could point to different

2

overt acts in the same conspiracy and mischievously transform what should be one prosecution into two. *Jabara*, 644 F.2d at 576; *United States v. Sinito*, 723 F.2d 1250, 1256 (6th Cir. 1983). Thus, the Sixth Circuit uses a "totality of the circumstances" test to determine whether there was more than one conspiracy. *Sinito*, 723 at 1256. The heart of a conspiracy is an agreement. So there were two conspiracies if there were two agreements. *Id.* To decide whether there was more than one agreement, the Court considers the similarity of five factors: (1) the time period; (2) the co-conspirators; (3) the statutory offenses charged; (4) the alleged acts that indicate the nature and scope of conspiracy; and (5) the places where the events took place. *Id.* If several factors differ here, the conspiracies are separate crimes and prosecuting Kennedy for both does not violate his Fifth Amendment rights. *Id.*

      The burden is first on the defendant to make a non-frivolous claim. *See Jabara*, 644 F.2d at 576. To do so, Kennedy must allege a double-jeopardy claim that is at least "colorable." *United States v. Pi*, 174 F.3d 745, 747–49 (6th Cir. 1999) (explaining that this low bar exists to weed out frivolous claims that are really attempts to circumvent the final judgment rule). Kennedy asserts that both conspiracies involve substantially the same time period, conspirators, charges, conduct, and controlled substances. R. 276 at 3–4. Because his claim is at least "colorable," he has cleared the low bar for his initial burden.

      So the burden shifts to the government to show two separate conspiracies. *See Jabara*, 644 F.2d at 576. Thus, the question is whether the government has shown—by a preponderance of the evidence—that at least a few of the five *Sinito* factors indicate that there were two agreements, two conspiracies, and therefore two crimes.

      The first factor is "when?" Specifically, did the alleged conspiracies happen over the same time period? *See Sinito*, 723 F.2d at 1257. Kennedy's first conspiracy conviction is for

3

conduct between March 2011 and March 2013. *See* Plea Agreement of Freddie Kennedy, Jr., *Kennedy*, No. 7:14-cr-00010-ART-(1) (E.D. Ky. Sept. 1, 2015). The alleged second conspiracy began a month later, in April 2013. R. 212. These two time periods do not overlap—not by a single day—and thus, this factor tilts in the government's favor. *See Sinito*, 723 F.2d at 1257 (ten-month overlap not indicative of single conspiracy); *United States v. Meda*, 812 F.3d 502, 509 (6th Cir. 2015) (six-month overlap not indicative of single conspiracy). Kennedy, however, argues that the time periods really are the same because he hadn't yet been sentenced for the first conspiracy when he allegedly began the second. R. 276 at 3. But it does not matter when the Court sentenced Kennedy. What matters is whether the time periods of the alleged conspiracies overlap, not the prosecutions for those conspiracies. *See Sinito*, 723 F.2d at 1257. Since the time periods do not overlap here, the "when" factor is easily the first factor in favor of prosecution.

The second factor is "who?" More precisely, do the two conspiracies involve the same coconspirators? *See Sinito*, 723 F.2d at 1257–58; *United States v. Vichitvongsa*, 819 F.3d 260, 273 (6th Cir. 2016). Kennedy is the only coconspirator charged in both conspiracies. R. 212; Indictment, *Kennedy*, No. 7:14-cr-00010-ART-(1) (E.D. Ky. Mar. 27, 2014). Because no other coconspirators overlap, it would seem that this factor weighs in favor of the prosecution.

But Kennedy says there is a second overlapping coconspirator: his son, Freddie Kennedy, III. R. 276 at 3. Kennedy cites the fact that the government tried to interview Freddie Kennedy, III, as proof that he is a second overlapping coconspirator. *Id*. However, it takes much more than that to show substantially overlapping coconspirators. In *Sinito*, the defendant pointed to three individuals who were common to both investigations, and the Sixth Circuit called that overlap "minuscule." *See Sinito*, 723 F.2d at 1257. So his son's interview

4

is not enough to prove the conspiracies involved the same people. Moreover, the government says that it has no evidence that Freddie Kennedy, III, was involved in the second conspiracy. R. 295 at 8. The government explains that it only interviewed Freddie Kennedy, III, because it suspected that he might know something about the sexual assault charges against his father. *Id*. The interview with Freddie Kennedy, III, therefore, does not sway this factor in Kennedy's favor.[1] Thus, the "who" factor makes two factors in favor of the government.

The third factor is "what statutory offenses were charged?" *See Sinito*, 723 F.2d at 1258. When "precisely the same statutory offenses" are charged, this factor tends to weigh in favor of a single conspiracy. *In re Grand Jury Proceedings*, 797 F.2d at 1382. Here, it is uncontested that Kennedy was charged with the same statutory offense: conspiracy to distribute oxycodone. R. 276 at 3; R. 295 at 8. The government says that the identical charges are "irrelevant" because Kennedy has not yet been punished for his alleged conduct in this case. R. 295 at 9. But this factor is still relevant. The similarity of the charged offenses is one of the five factors that the Court must consider when deciding whether the government can prosecute Kennedy's conduct as a separate conspiracy. *See Sinito*, 723 F.2d at 1257. Here, the third factor weighs in Kennedy's favor.

---

[1] Although Kennedy does not raise this issue, there is potentially a second overlapping coconspirator. The affidavit of Detective Dalrymple mentions that one of the government's informants, referred to as SOI2, admitted that he participated in pill crews prior to December 2011, and then again after April 2013. R. 1 at 3–4. However, SOI2's common participation does not, by itself, sway this factor in Kennedy's favor. The Sixth Circuit has found that this factor still favors the government when the other overlapping coconspirators had "minor roles" and were not "central characters" in both conspiracies. *See Meda*, 812 F.3d at 509. Because SOI2 seems to have been a later addition to the new pill crew, and not a central character in the execution of the conspiracies, SOI2's participation does not tilt this factor in Kennedy's favor.

The fourth factor is "what happened?" In other words, do the alleged illegal acts seem to be part of a "larger, unified conspiracy"? *Sinito*, 723 F.2d at 1258. A unified conspiracy requires "assent of its members to contribute to a common enterprise." *United States v. Kelley*, 849 F.2d 999, 1003 (6th Cir. 1988) (citation omitted). Independent acts, by different persons may be part of a single conspiracy if they indicate a "pattern of regularized activity involving a significant continuity of membership." *Id.* But there is no such pattern here. Although the alleged acts in both conspiracies sound similar, the evidence suggests that these are separate, back-to-back conspiracies. After the first conspiracy, Kennedy hired a new set of people— including a manager. Those new people then traveled to different pain clinics located in different states than the first conspiracy. R. 1 at 2–7; R. 212; R. 295 at 9–10. The second conspiracy is therefore a new and improved drug operation instead of a mere continuation of the previous one. There is no "unified conspiracy" here.

In response, Kennedy argues that the government already admitted that these two conspiracies were one and the same in its sentencing memorandum for the first conspiracy. R. 276 at 3–4. Kennedy pulls a quote from this memorandum and uses it out of context as proof of the government's admission. He quotes the government as referring to the alleged second conspiracy as "the exact same conduct that serves as the basis for the underlying conviction." R. 276 at 4 (quoting R. 276-2 at 4). Kennedy's attempt to build a mountain upon a molehill fails. Read in context—as the government says and the Court agrees—this phrase refers to the *type* of conduct, not the exact same acts. *See* R. 276-2 at 4; R. 295. All this statement says is that Kennedy distributed drugs twice—not that all of his actions were part of a single conspiracy. Thus, Kennedy has failed to prove that the government's memorandum

admits this is same conspiracy. So the "what" factor is a third factor in favor of the government.

The fifth and final factor is "where?" Kennedy's first conspiracy involved sending crews to pain clinics in Georgia. *See* Plea Agreement of Freddie Kennedy, Jr., *Kennedy*, No. 7:14-cr-00010-ART-(1) (E.D. Ky. Sept. 1, 2015). The second time around, Kennedy allegedly expanded and sent crews to Florida, Kansas, and other states throughout the Midwest. R. 295 at 9. The Sixth Circuit has found that events that took place across the same city nevertheless suggested separate conspiracies. *Compare Vichitvongsa*, 819 F.3d at 274 (crimes across metropolitan Nashville suggested different conspiracies), *and Corral v. United States*, 562 F. App'x 399, 406 (6th Cir. 2014) (events in different states, with only one state overlapping, suggested different conspiracies), *with Meda*, 812 F.3d at 509 (events in the same building suggested the same conspiracy). Here, substantial parts of the alleged conspiracies occurred in several different states. R. 295 at 9. And so finally, the "where" factor is the fourth factor weighing in favor of the government.

As a last-ditch effort, Kennedy argues that his motion should be granted because there is another double-jeopardy test that the government has not satisfied. He says the government must also satisfy the "same-conduct" test established by *Grady v. Corbin*, 495 U.S. 508 (1990). *See* R. 276 at 2. However, *Grady* was overruled three years after it was decided. *United States v. Dixon*, 509 U.S. 688, 704 (1993). Thus, the Court must ignore *Grady*. The question is only whether the prosecution has satisfied the Sixth Circuit's five factor test for separate conspiracies. Because it has, the Court cannot grant Kennedy's motion to dismiss the conspiracy count against him.

III.

In Kennedy's case, four out of five of the *Sinito* factors suggest separate conspiracies. Thus, the government has shown—by a preponderance of the evidence—that this second conspiracy prosecution is a separate offense. So this prosecution does not violate Kennedy's Fifth Amendment rights. Accordingly, it is **ORDERED** that Freddie Kennedy's motion to dismiss Count 1 of the indictment against him, R. 276, is **DENIED**.

This the 15th day of August, 2016.

Signed By:
*Amul R. Thapar* AT
United States District Judge