Eastern District of Kentucky
F I L E D

JUN 2 9 2020

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT PIKEVILLE**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 7:15-9-KKC-CJS-2 |
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| FREDDIE B. KENNEDY, JR., | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on several motions. On March 30, 2017, Defendant Freddie B. Kennedy, Jr. was sentenced to four life terms of imprisonment and a life term of supervised release. (DE 607.) On July 24, 2018, the United States Court of Appeals for the Sixth Circuit affirmed the judgment. (DE 681.)

On November 18, 2019, Defendant filed a "motion for production of material evidence by subpoena duces tecum," requesting "production of evidence relevant to grounds to be raised under 28 [U.S.C.] § 2255." (DE 716.) On January 21, 2020, Defendant filed a "motion requesting subpoena for state prescription drug monitoring program records," noting "that the requested records support the claims he will raise in a motion filed under 28 [U.S.C.] § 2255." (DE 722.) On February 7, 2020, Defendant filed a "request for order to release records," noting that "[t]he records are germane to claims" that he "intends to raise in a 28 [U.S.C.] § 2255 motion." (DE 724.)

"Under Rule 6(a) of the Rules Governing Section 2255 Proceedings, a district court may authorize a movant to conduct discovery upon a showing of good cause." *Cornell v. United*

*States*, 472 F. App'x 352, 354 (6th Cir. 2012).[1] Defendant filed a 28 U.S.C. § 2255 motion on February 28, 2020 (DE 726) – thus, the above described motions were all filed following the resolution of the direct appeal in his criminal case, but prior to the § 2255. "[T]he Sixth Circuit has rejected the notion that a convicted criminal defendant is entitled to wide-ranging discovery to explore possible grounds for a § 2255 challenge to his conviction, emphasizing that [t]here is no general constitutional right to discovery in criminal cases." *United States v. Black*, No. 10-20225, 2015 WL 1757318, at *2 (E.D. Mich. Apr. 17, 2015) (citation to *United States v. Okai*, No. 96-3222, 1996 WL 549804, at *1 (6th Cir. Sept. 25, 1996) and internal quotation marks omitted) (some brackets in original). Because a "request for discovery cannot be addressed in the abstract while no claim of unlawful confinement is yet pending," Defendant must "await assessment against the backdrop of specific allegations made in a § 2255 motion." *Id.* In other words, the Court cannot consider these sorts of discovery requests before the § 2255 motion has been filed.[2]

Defendant also filed another motion, on November 18, 2019, "for order to compel release of records," requesting the Court's "intervention" in his pending Freedom of Information Act request that he had filed with the Drug Enforcement Agency. (DE 717.) The Court cannot grant this relief on such a motion. "Under FOIA, the interested person must request specific information in accordance with 5 U.S.C. § 552(a)(1)-(3), have the request refused by the agency, and exhaust any administrative appeal procedures with the agency before proceeding to federal court." *Goddard v Whitmer*, No. 09-CV-404-JMH, 2010 WL

---

[1] As the Sixth Circuit has explained, "[g]ood cause is established where specific allegations... show reason to believe that [the movant] may, if the facts are fully developed, be able to demonstrate entitlement to relief." *Cornell*, 472 F. App'x at 354 (citation to *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) and internal quotation marks omitted) (ellipses and some brackets in original).

[2] Not only were these motions all filed before Defendant's § 2255 motion, as of the date of this Opinion and Order, Defendant has still yet to file an acceptable memorandum in support of that motion, the original memorandum having been rejected for failing to comply with Joint Local Rule of Civil Practice 7.1(d). (DE 728; DE 735.)

116744, at *1 (E.D. Ky. Jan. 6, 2010). An individual must file a complaint, and "must allege in his complaint that he exhausted his remedies under FOIA in order to properly plead a case." *Id.* (citations and internal quotation marks omitted).

Accordingly, the Court hereby ORDERS that:

1) Defendant's motions (DE 716; DE 717; DE 722; DE 724) are DENIED; and

2) this Order is made without prejudice to any future, proper discovery motions that Defendant may file in support of his § 2255 motion.

Dated June 29, 2020



Signed By:
Karen K. Caldwell
United States District Judge