Eastern District of Kentucky
F I L E D
JUN 29 2020
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>V.<br><br>FREDDIE B. KENNEDY, JR.,<br><br>Defendant. | CRIMINAL ACTION NO. 7:15-9-KKC-CJS-2<br><br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant's request for reconsideration. On March 30, 2017, Defendant Freddie B. Kennedy, Jr. was sentenced to four life terms of imprisonment and a life term of supervised release. (DE 607.) On July 24, 2018, the United States Court of Appeals for the Sixth Circuit affirmed the judgment. (DE 681.)

On September 25, 2019, Defendant filed a motion requesting that the Court compel his former attorney, Eric E. Ashley, to release to him his entire client case file (DE 712); evidently, Mr. Ashley had withheld certain material from Defendant, believing that he was prohibited from sending this material to Defendant (DE 712-2; DE 714). The Court ordered responses from Mr. Ashley (DE 713) and the government (DE 715), and then ordered Mr. Ashley to send all of the withheld material at issue to chambers so that the Court could conduct an *in camera* review (DE 719). Following that review, the Court granted in part and

1

denied in part the initial motion to compel, ordering Mr. Ashley to deliver certain material to Defendant. (DE 721.)[1]

On February 7, 2020, Defendant filed a "request for reconsideration." (DE 725.) The extent to which the motion is a request that the Court amend its prior order, the motion is denied because it fails to articulate any procedural vehicle under which it could have been brought, or any plausible, proper legal standard upon which the Court could or should amend its prior order. *See* Joint Local Rule of Criminal Practice 47.1(a) ("A motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it.")

The "request for reconsideration" describes various material sought by Defendant, some of which he merely speculates are in his former attorney's possession; the extent to which the motion is a request for discovery in support of his "motion for post-conviction relief" (DE 725 at 5), it is also denied. "Under Rule 6(a) of the Rules Governing Section 2255 Proceedings, a district court may authorize a movant to conduct discovery upon a showing of good cause." *Cornell v. United States*, 472 F. App'x 352, 354 (6th Cir. 2012).[2] Defendant filed a 28 U.S.C. § 2255 motion on February 28, 2020 (DE 726) – thus, the "request for reconsideration" was filed following the resolution of the direct appeal in his criminal case, but prior to the § 2255. "[T]he Sixth Circuit has rejected the notion that a convicted criminal defendant is entitled to wide-ranging discovery to explore possible grounds for a § 2255 challenge to his conviction, emphasizing that [t]here is no general constitutional right to

---

[1] Although Defendant claims that the Court "denied the release of other records to Petitioner" (DE 725 at 1), that is incorrect. The Court merely declined to issue any "further *order requiring* Mr. Ashley to deliver any other documents to Defendant." (DE 721 at 3 (emphasis added).)

[2] As the Sixth Circuit has explained, "[g]ood cause is established where specific allegations... show reason to believe that [the movant] may, if the facts are fully developed, be able to demonstrate entitlement to relief." *Cornell*, 472 F. App'x at 354 (citation to *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) and internal quotation marks omitted) (ellipses and some brackets in original).

2

discovery in criminal cases." *United States v. Black*, No. 10-20225, 2015 WL 1757318, at *2 (E.D. Mich. Apr. 17, 2015) (citation to *United States v. Okai*, No. 96-3222, 1996 WL 549804, at *1 (6th Cir. Sept. 25, 1996) and internal quotation marks omitted) (some brackets in original). Because a "request for discovery cannot be addressed in the abstract while no claim of unlawful confinement is yet pending," Defendant must "await assessment against the backdrop of specific allegations made in a § 2255 motion." *Id.* In other words, the Court cannot consider this sort of discovery request before the § 2255 motion has been filed.[3]

Accordingly, the Court hereby ORDERS that:

1) Defendant's request for reconsideration (DE 725) is DENIED; and

2) this Order is made without prejudice to any future, proper discovery motions that Defendant may file in support of his § 2255 motion.

Dated June 29, 2020



Signed By:
Karen K. Caldwell
United States District Judge

---

[3] Not only was the "request for reconsideration" filed before Defendant's § 2255 motion, as of the date of this Opinion and Order, Defendant has still yet to file an acceptable memorandum in support of that motion, the original memorandum having been rejected for failing to comply with Joint Local Rule of Civil Practice 7.1(d). (DE 728; DE 735.)