UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7:15-cr-9-KKC-CJS-2 |
| | ) | Civil Action No. 7:20-cv-28-KKC-CJS |
| v. | ) | |
| | ) | |
| FREDDIE B. KENNEDY, JR., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on several motions filed by Defendant Freddie B. Kennedy, Jr., which motions were presented by Kennedy after he filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). (R. 726). Specifically, those pending motions are: Motion Requesting Subpoenas for State Prescription Drug Monitoring Program Records and/or Actual Pharmacy Records (R. 752); Request for Order to Release Records (R. 753); Motion to Compel Release of Entire Case File (R. 754); Motion for Production of Material Evidence by Subpoena Duces Tecum (R. 755); Motion to Compel Release of Entire File (R. 756); Motion for Release of Records (R. 775); Motion for Release of Unredacted Reports (R. 776); Motion to Release Records of Interviews (R. 777); Motion for Pain Clinic Records (R. 778); and Motion for Order Releasing Statement of Eric Ashley (R. 779). Having considered these various discovery motions, the Court concludes that Kennedy has not made the requisite showing to warrant conducting discovery and, therefore, the motions will be denied for the reasons explained in this Order.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

In April 2015, Kennedy pleaded guilty to conspiracy to distribute oxycodone in a separate criminal case. *See United States v. Kennedy*, No. 7:14-cr-10-KKC-EBA-1, at R. 140 (E.D. Ky. Apr. 15, 2015). Specifically, Kennedy pleaded guilty to conduct constituting conspiracy that began in March 2011 and continued through approximately March 23, 2013. *See id.* at R. 67 at Page ID 140. The government asserted that it learned Kennedy subsequently began sending different people to different pain clinics to obtain oxycodone. (R. 297 at Page ID 823). This led to Kennedy's indictment in a superseding indictment in October 2015 for conspiracy to distribute oxycodone in the present case for conduct constituting a conspiracy beginning in April 2013 and lasting until June 2015. (*See* R. 25).

Kennedy was charged in a second superseding indictment with illegally distributing oxycodone in violation of 21 U.S.C. § 846, crossing state lines with the intent to engage in a sexual act with a minor under the age of 12 in violation of 18 U.S.C. § 224l(c), and transporting a minor under the age of 18 in interstate commerce with intent to engage in sexual activity in violation of 18 U.S.C. §§ 2423(a) and (e). (R. 109). Attorney Ashley moved to sever the drug conspiracy and sex trafficking charges. (R. 120). The district court denied that motion, finding that joinder of the counts was appropriate. (R. 194). The case ultimately went to trial, and a jury convicted Kennedy of one count of conspiracy to distribute oxycodone in violation of 21 U.S.C. § 841(a)(1), seven counts of crossing state lines with the intent to engage in sex acts with a minor under 12 years in violation of 18 U.S.C. § 2241(c); and ten counts of transportation and attempted transportation of a minor with the intent to engage in criminal sexual activity. (R. 526). Judgment was entered and the district court sentenced Kennedy to a total of four consecutive life sentences. (R. 607).

On March 30, 2017, Kennedy appealed to the Sixth Circuit Court of Appeals alleging that: (1) the district court erred in denying his motion to dismiss the drug conspiracy charge; (2) his sex

2

trafficking convictions were multiplicitous in violation of the double jeopardy clause; (3) the district court erred in denying his motion to sever the drug conspiracy charge from the sex-crimes charges; (4) the district court erred in denying his motion for judgment of acquittal based on insufficient evidence; and (5) the lack of a downward departure made his sentence unreasonable. *United States v. Kennedy*, 743 F. App'x 649 (6th Cir. 2018) (unpublished).  The Sixth Circuit affirmed the district court's ruling of all challenged grounds on July 24, 2018.  *Id*.  Kennedy's petition for writ of certiorari was denied February 25, 2019.  *Kennedy v. United States*, 139 S. Ct. 1278 (2019).

On February 28, 2020, the Clerk of Court received and docketed Kennedy's *pro se* § 2255 Motion.  (R. 726).  Kennedy raises three grounds for relief in his § 2255 Motion.  (*Id*.).  First, Kennedy alleges that "the government prosecuted [him] twice for the same offense in violation of the due process clause." (*Id*. at Page ID 3287).  Kennedy was charged and convicted in two separate cases of two separate drug trafficking conspiracies, which Kennedy argues were one conspiracy. (R. 739 at Page ID 3474-75).  Second, Kennedy alleges that his counsel was ineffective in "failing to adequately defend [him] against being prosecuted twice for the same conduct."  (R. 726 at Page ID 3288).  Third, Kennedy alleges that his counsel was ineffective in defending against the allegations of sex trafficking.  (*Id*. at Page ID 3289).  The memorandum in support accompanying the § 2255 Motion was sixty pages long, in violation of Joint Local Rule 7.1(d).  (*See* R. 726-1). The Court ordered Kennedy to file a new memorandum in support that was twenty-five pages or less in compliance with the local rule.  (R. 728).

After the Court denied a motion to extend the page limit (R. 730), Kennedy filed a twenty-five-page memorandum of support.  (R. 739).  This newly filed memorandum of support contained argument for the three grounds in Kennedy's original § 2255 Motion but also contained argument for three new grounds.  (*Id*.).  Kennedy moved to file an amended § 2255 Motion and tendered the

3

proposed amended § 2255 Motion. (R. 738). In his proposed amended § 2255 Motion, Kennedy's additional grounds were that: (1) the district court should have severed the drug charge from the charges of sexual abuse, (2) the district court should not have allowed use of an expunged conviction during cross examination at trial, and (3) Kennedy's counsel was ineffective for allowing the expunged conviction to be used at trial. (*Id*.).

The Court ordered the United States to respond to Kennedy's original § 2255 Motion, and Kennedy's motion for leave to amend his § 2255 Motion. (R. 740). The United States filed a response, arguing that the Court should deny Kennedy leave to amend his original § 2255 Motion to include the new grounds as untimely and deny Kennedy's original § 2255 Motion on the merits. (R. 749). Kennedy then filed the ten discovery motions presently before the Court. (*See* R. 752-56; R. 775-79). The Court advised that it would issue a separate order setting the time for Kennedy to reply to the United States' response to Kennedy's original § 2255 Motion, and Kennedy's motion for leave to amend once briefing on the discovery motions was complete. (R. 771).

## II.    STANDARD OF REVIEW

"A habeas petitioner . . . is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Thus, there is no automatic right to discovery in a habeas case. *Johnson v. Mitchell*, 585 F.3d 923, 934 (6th Cir. 2009) (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)). However, Rule 6(a) of the Rules Governing Section 2255 Proceedings provides that "a district court may authorize a movant to conduct discovery upon a showing of good cause. Good cause is established 'where specific allegations . . . show reason to believe that [the movant] may, if the facts are fully developed, be able to demonstrate' entitlement to relief." *Cornell v. United States*, 472 F. App'x 352, 354 (6th Cir. 2012) (quoting *Bracy*, 520 U.S. at 908-09). The burden of showing that the information requested is material is on the moving party. *Stanford*, 266 F.3d at 460. Evidence that is cumulative is not material. *Williams v. Bagley*,

4

380 F.3d 932, 976-77 (6th Cir. 2004).  Further, "[c]onclusory allegations are not enough to warrant discovery under Rule 6; the petitioner must set forth specific allegations of fact." *Id.* at 974 (quoting *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994)).  "Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.'" *Id.* (quoting *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997)).

## III.    ANALYSIS OF DISCOVERY MOTIONS

Kennedy has filed ten different discovery motions.  (*See* R. 752-56; R. 775-79).  First addressed are the five motions related to Kennedy's first ground for relief in his § 2255 Motion: R. 752, R. 756, R. 776, R. 777, and R. 778.  Next addressed are the five motions related to Kennedy's second and third grounds for relief in his § 2255 Motion, both of which involve claims of ineffective assistance of counsel: R. 752, R. 754, R. 755, R. 756, and R. 779.  Addressed last are the discovery motions unrelated to Kennedy's three grounds for relief in his original § 2255 Motion: R. 753 and R. 775.

### A.    Discovery Requests Related to Ground One

The first ground raised in Kennedy's § 2255 Motion is that the two separate conspiracies he was indicted for were one in the same, in violation of Due Process.  (*See* R. 726 at Page ID 3287).  Kennedy alleges that the United States intentionally misrepresented information to and concealed information from the Court, leading the Court to incorrectly determine that his prior conviction for conspiracy to distribute oxycodone in Case No. 7:14-cr-10-1 was a separate conspiracy from the one that Kennedy was convicted of in this case.  (*See* R. 739 at Page ID 3475-83).  Five of Kennedy's discovery requests relate to this ground.

First, Kennedy requests the Court issue subpoenas to obtain "state prescription drug monitoring program records and/or actual pharmacy records" from fourteen states and the District of Columbia, as well as nine different pharmacies.  (R. 752).  Kennedy had previously filed a

5

motion in January 2020, before he filed his § 2255 Motion, seeking release of the same records. (*See* R. 722). District Judge Caldwell denied this motion as premature because Kennedy had not yet filed a § 2255 motion. (*See* R. 736). Kennedy argues that the drug monitoring program and pharmacy records will show that the United States "intentionally misled this Court by submitting false information and concealing factual information" when arguing that the two drug conspiracies were separate conspiracies. (R. 752 at Page ID 3690). Kennedy maintains, for example, that the records will show at least 25 members participated in both conspiracies; the alleged conduct took place in Florida and Georgia in both conspiracies; and there was no interruption in the conduct between March and April 2013. (*Id.* at Page ID 3690, 3694). The United States advocates this request should be denied because this ground for relief has already been presented and rejected by this Court and the Sixth Circuit Court of Appeals in the form of a Fifth Amendment Double Jeopardy Clause claim. The Government submits no circumstances exist under the law to warrant revisiting the issue of whether there was one ongoing conspiracy or two separate conspiracies. (*See* R. 760 at Page ID 3878-79). In addition, the United States argues that Kennedy's motion fails to satisfy the burden to engage in discovery in the context of a § 2255 motion. (*Id.*).

Second, Kennedy asks the Court to compel the Kentucky Attorney General to release all records and evidence in its possession related to him because the records are relevant to the first ground of his § 2255 Motion. (*See* R. 756 at Page ID 3865). Kennedy alleges these records will show that "the government lied about the date they learned of the alleged second [drug conspiracy], and never upheld [its] part of my plea [deal], saying they wouldn't prosecute me based on evidence already in its possession at the time of the execution of [the plea deal]." (*Id.* at Page ID 3866). The United States responds that, while it does not have standing to challenge Kennedy's request for state Attorney General records, a motion before this Court is not the appropriate means for pursuing the request. (*See* R. 760 at Page ID 3880-81).

6

Third, Kennedy requests the Court to "order the DEA to release unredacted reports of the search's [sic] performed at petitioner's residences on March 25, 2013 and April 10, 2014" and a "detailed list of items seized by law enforcement during the course of each search." (R. 776 at Page ID 3973). Kennedy alleges these records will show that the Government knew there were more people involved in the first conspiracy than the Government alleged. (*Id*. at Page ID 3974). Kennedy had previously requested records from the April search in November of 2019. (*See* R. 717). District Judge Caldwell denied that motion, noting that the Court could not grant relief on such a motion, as the motion was not the proper procedural vehicle for the relief that Kennedy sought.[1] (R. 736 at Page ID 3451). Kennedy claims that these records will show "a significantly larger number of persons were involved in the conspiracy prior to [when] the government alleged." (R. 776 at Page ID 3974).

Fourth, Kennedy asks the Court to order release of "records of interviews conducted by DEA TFO agents of persons indicted along with Petitioner for [conspiracy] to distribute oxycodone" from the appropriate government agency. (R. 777 at Page ID 3989). Kennedy alleges these requested records will show that the United States knew that there were more members that took part in both conspiracies than the United States admitted. (*Id*. at Page ID 3991).

Fifth, Kennedy asks the Court to order release of all patient records seized by the DEA from Norcross Wellness Pain Center of Broward, Innovative Pain Management, Atlanta Pain Management, and Angels Medical Service. (R. 778 at Page ID 4006). Kennedy alleges these pain

---

[1]   Specifically, the Court informed Kennedy that "Under FOIA, the interested person must request specific information in accordance with 5 U.S.C. § 552(a)(l)-(3), have the request refused by the agency, and exhaust any administrative appeal procedures with the agency before proceeding to federal court." (R. 736 at Page ID 3451-52) (quoting *Goddard v. Whitmer,* No. 09-CV-404-JMH, 2010 WL 116744, at *1 (E.D. Ky. Jan. 6, 2010)). To proceed to federal court, an individual must file a complaint, and "must allege in his complaint that he exhausted his remedies under FOIA in order to properly plead a case." (*Id*. at Page ID 3452) (citing *Goddard v. Whitmer,* No. 09-CV-404-JMH, 2010 WL 116744, at *1). This has not changed with the filing of Kennedy's § 2255 Motion. It remains true that the Court cannot grant relief on such a motion. This request must, therefore, be denied on this basis alone.

clinics were subject to investigation by the DEA and used by the members of each drug conspiracy, and these records will show that the United States knew the identity of members of each drug conspiracy and when each member was involved in each conspiracy. (*Id*. at Page ID 4005-07).

Absent exceptional circumstances, such as an intervening change in the law, a § 2255 motion cannot be used to relitigate an issue that was raised on appeal. *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). While Kennedy asserts it as a Due Process violation in his § 2255 Motion, the essence of this argument arises from a Double Jeopardy claim. Kennedy raised and litigated this extensively in this Court and the Sixth Circuit. (*See* R. 363; R. 547 at Page ID 2093-94); *United States v. Kennedy*, 743 F. App'x 649, 652-54 (6th Cir. 2018). The Sixth Circuit found that the Court did not err in failing to dismiss the drug conspiracy charge, affirming that there were two separate conspiracies. (*Id*. at 654). Because this issue was raised and answered on direct appeal, permitting new discovery on this claim is not warranted. *See Collazo v. United States*, No. 3:17-CV-01016, 2020 WL 3447774 (M.D. Tenn. June 24, 2020) (holding that any discovery related to a claim that was raised and litigated on direct appeal was not permitted in the context of a § 2255 motion). Nor has Kennedy made a specific showing of what would be uncovered via an attack on the Double Jeopardy rulings by challenging it as a Due Process violation. Instead, he seeks extensive discovery with the hope of uncovering material factual information. Though Kennedy alleges that the United States intentionally concealed information and falsified evidence, these accusations are conclusory. Kennedy alleges, for example, that *if* he is given access to all patient records taken from the pain clinics used by members of both conspiracies, then he can *find information* that will show that the United States lied about which members were doing what and when. (R. 778 at Page ID 4005-07). Or, for example, that *if* he is given access to all records of all DEA interviews with all members of the conspiracy, he can *find information* to show that the United States lied about knowing how many members of the

8

conspiracy there were. (R. 777 at Page ID 3991). Kennedy is essentially asking the Court to allow him access to voluminous records so that he may personally scour those records to try and find something material to contradict statements made by the United States in his underlying prosecution case. However, "fishing expeditions based on a petitioner's conclusory allegations" do not constitute good cause for discovery. *Williams*, 380 F.3d at 976-77. *See Kelley v. United States*, No. 1:08-CR-51, 2014 WL 2921821, at \*2 (E.D. Tenn. June 27, 2014) (holding that general claims that discovery is necessary to assist in proving ineffective assistance of counsel and prosecutorial misconduct claims insufficient to enable to court to find the movant has established good cause for discovery).

Moreover, while Kennedy does specify what alleged misconduct he hopes to identify by the discovery, he fails to convince the Court that such facts, if fully developed, will entitle him to relief. For example, Kennedy points to an error in the Government's Response in opposition to his Motion for a Bill of Particulars. (*See* R. 772 at Page ID 3910). In its Response, the Government states that Kennedy was arrested for the first conspiracy charge in April 2013. (R. 242 at Page ID 631). Kennedy points out that this is an error because he was actually arrested in April 2014. (R. 772 at Page ID 3910). Although it is true that Kennedy was arrested in 2014 and not 2013, the Government's Response to Kennedy's Motion to Dismiss correctly identifies that Kennedy was initially indicted on the first conspiracy charge in April 2014. (*See* R. 397 at Page ID 821). Further, the Court noted as much when analyzing the double jeopardy claim. (*See* R. 363 at Page ID 1044) ("In March 2014, the government indicted Kennedy and his crew . . . He was out for about a year and a half before his sentencing"). The Court focused on the time of the conduct, not the date of arrest, when it considered whether the two conspiracies were the same. (*Id*.). Ultimately, the Court determined that the conduct making up the first charge ended in March 2013 and the conduct making up the second charge began in April 2013. (*Id*. at Page ID 1047). In the first case, Kennedy

pleaded guilty and admitted to conduct constituting a conspiracy that began in 2011 and continued through March 2013. *United States v. Kennedy,* 7:14-cr-10-1 [CM/ECF No. 67 at Page ID 140]. Kennedy thus fails to provide this Court "reason to believe that [he] may, if the facts are fully developed, be able to demonstrate entitlement to relief." *Cornell*, 472 F. App'x at 354. Accordingly, at this time Kennedy has failed to show good cause for each discovery request related to this first ground of his § 2255 Motion. If it appears, upon examination of the merits of his grounds in his § 2255 Motion, that further consideration of Kennedy's request for discovery is warranted, the Court can reconsider his asserted need for this discovery information at that time.

### B.    Discovery Requests Related to Ineffective Assistance of Counsel Grounds

Kennedy retained Attorney Eric Ashley to represent him on the drug conspiracy and sex trafficking charges presented in this case. The second and third grounds of Kennedy's § 2255 Motion allege that he received ineffective assistance of counsel because: (1) Attorney Ashley failed "to adequately defend [him] against being prosecuted twice for the same conduct" and (2) Attorney Ashley did not adequately defend him against the allegations of sex trafficking. (R. 726 at Page ID 3288-89).

To successfully assert an ineffective assistance of counsel claim, a petitioner must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. A petitioner meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id*. at 688.

To prove prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at

694. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

Five of Kennedy's discovery motions relate to his ineffective assistance of counsel claims. First, Kennedy asserts that the drug monitoring program and pharmacy records "were readily available" to Attorney Ashley and that the denial of the double jeopardy argument on direct appeal was the result of "a failure of [Attorney Ashley] to support the prior Double Jeopardy violation claim with any material evidence whatsoever." (R. 752 at Page ID 3690). This claim is unfounded. In fact, the record shows that Attorney Ashley filed a motion to dismiss the drug conspiracy charge challenging that the two conspiracies were separate. (R. 276). In this motion, Attorney Ashley provided descriptions of the similarity of conduct and pattern between the two conspiracies, argued that there was little if any separation between the end of the first conspiracy and beginning of the second and asserted that some members of the two conspiracies overlapped. (*Id.*). In addition, Attorney Ashley filed a motion for directed verdict of acquittal and for a new trial again challenging that the two conspiracies were separate. (R. 538-1 at Page ID 1732). Accordingly, Kennedy has failed to show good cause for this discovery. *See Poulsen v. United States*, 717 F. App'x 509 (6th Cir. 2017) (holding that because movant could not show, even if the facts were fully developed, that counsel was ineffective, the trial court did not abuse its discretion in denying discovery).

Kennedy also claims that his counsel was deficient for not presenting more evidence to bolster separation of the conspiracy charge and the sexual abuse charges. (*Id.*). The Government alleged that Kennedy used his drug trafficking scheme to gain access to the minor victims. (*See* R. 136 at Page ID 328). While the victims' parents were on trips to Florida to obtain pills, the victims were left in Kennedy's care. (*Id.*). Kennedy claims that the drug monitoring program and pharmacy records will show that Attorney Ashley failed to adequately investigate the facts around

11

the sex trafficking charges.   (R. 772 at Page ID 3915).   Kennedy, however, has failed to demonstrate how such records would be material to these claims.  Kennedy claims that the records will show that the minor victims were not with Kennedy at the time that their parents were on a trip to Florida to obtain pills, because there will be no records of the parents filling prescriptions in Florida on or near those dates.  (*Id.* at 3916).  This, Kennedy claims, will show they lied.  (*Id.*). However, at trial, several witnesses testified that members of the conspiracy did not always fill their own prescriptions, including the parents in question.  (*See* R. 541 at Page ID 1760, 1789, 1822).  Kennedy thus fails to show how, even if true, such evidence will further his ineffective assistance of counsel claims.  A lack of prescription records will not show that the parents lied, as someone else could have filled their prescriptions.

Further, even if the parents did lie as witnesses, this fact is, at best, tangentially related to Kennedy's ineffective assistance of counsel claims.  Kennedy thus has failed to make a showing how discovery of such records will entitle him to relief on his ineffective assistance of counsel claims. *See Keenan v. Bagley*, 262 F. Supp. 2d 826, 838 (N.D. Ohio 2003) ("a petitioner may not embark on a fishing expedition intended to develop claims for which there is no factual basis") (quoting *Payne v. Bell*, No. 98-2963, 2000 WL 235752, at *1 (M.D. Tenn. Feb. 15, 2000)).

Second, Kennedy requests the Court "compel defense counsel to provide all as-yet unreleased papers and property remaining in counsel's possession to which movant is entitled." (R. 754 at Page ID 3836).  Kennedy also asks the Court to order the release of those materials to Kennedy directly or appoint counsel to assist in the review of all materials governed by a protective order.  (*Id.* at Page ID 3846-47).  And Kennedy requests that trial counsel be ordered to "submit a signed statement to the effect that he has complied in total with the Court's order and has not withheld any papers or property pertaining to Movant's case."  (*Id.* at Page ID 3847).  The United

12

States responded, arguing that Kennedy has already received these materials after his previous request for the materials was adjudicated by the Court. (R. 760 at Page ID 3879-80).

Kennedy previously asked the Court to order production of this information in the form of a motion to compel filed in September 2019, in anticipation of filing his § 2255 motion. (R. 712). Kennedy asserted that, while Attorney Ashley provided Kennedy some of his case file, other material was withheld. (*Id*.). The Court ordered the United States and Attorney Ashley to respond to the motion. (R. 713; R. 715). Attorney Ashley responded that he felt he was precluded from sending the withheld materials "to a federal penitentiary in a sex offender treatment facility." (R. 714 at Page ID 3174). Attorney Ashley also stated that some of the materials Kennedy requested were "matters neither in my possession nor part of the above case." (*Id*. at 3175). The United States objected to the production of any records containing accounts of the sexual assaults and rapes of the underage victims and any psychological or medical records of the victims. (R. 718 at Page ID 3208-09). District Judge Caldwell ordered Attorney Ashley to send to chambers the materials he had withheld from Kennedy for an *in camera* review. (R. 719). After reviewing the documents and considering responses from Attorney Ashley and the United States and a reply from Kennedy, the Court ordered that some but not all of the materials withheld in the file must be produced to Kennedy. (R. 721).

In February 2020 Kennedy requested that the Court reconsider this ruling and requested a series of other records. (R. 725). The Court denied his request for reconsideration because Kennedy "fail[ed] to articulate any procedural vehicle under which it could have been brought, or any plausible, proper legal standard upon which the Court could or should amend its prior order." (R. 737). The Court also denied the requests for new documents as premature, there being no § 2255 motion pending. (*Id*.).

There is no basis for ordering the signed statement that Kennedy seeks, especially as Attorney Ashley has already complied with an order of this Court to produce the withheld material for *in camera* review.  Kennedy has provided the Court with nothing more than speculative general assertions that Attorney Ashley had more material than he released to Kennedy or gave to the Court for an *in camera* review.

As for the request for additional discovery of the case file previously requested from trial counsel, Kennedy has not provided any argument that would justify the undersigned coming to a conclusion different than the Court previously found.  Kennedy states that it is "reasonable to believe" that, based on the circumstances of the case, trial counsel had additional materials that he did not release to Kennedy.  (R. 754 at Page ID 3837).  This claim is wholly speculative.  Kennedy argues that the entire case file is necessary to show counsel's ineffectiveness so that Kennedy can assert whether counsel's investigation was inadequate or incomplete.  (*Id*. at Page ID 3846).  However, the district court reviewed the material in the case file Attorney Ashley did not send to Kennedy.  (R. 721).  The district court ordered some documents released to Kennedy and determined that the documents that were not released were not pertinent to a habeas claim.  (*Id*.).  To show good cause for the discovery he seeks, Kennedy must support his request with "more than mere speculation" that the discovery is material to his claims.  *Stanford*, 266 F.3d at 460.  Accordingly, Kennedy has failed to make a showing of good cause and, consequently, both his request for access to the records outright and for appointment of counsel to review the materials will be denied.  As the Court has already determined that the records are not pertinent, Kennedy's request for appointment of counsel to review the records withheld by the Court is unnecessary.

Third, Kennedy requests issuance of a subpoena duces tecum for video records from the Rising Star Casino, which he claims will show that "one or more of the alleged victims were not among the persons arriving on the . . . dates the government established at trial on which it alleged

14

Movant committed criminal acts against the alleged victims." (R. 755 at Page ID 3855). Specifically, Kennedy seeks footage from "a. vehicle loading/unloading area at front entrance, b. front desk/guest check in area, c. guest pool and gymnasium." (*Id*.). The United States responded to this request, arguing that Kennedy has failed to meet the required burden for the Court to grant discovery in a habeas proceeding. (R. 760 at Page ID 3880).

Kennedy previously requested video footage from the Rising Star Casino in May 2018. (R. 677). In that request, Kennedy sought security video of guests that entered and exited guest rooms. (*Id*. at Page ID 3060). The Court ordered Rising Star Casino to inform the Court whether the surveillance video that Kennedy requested likely existed. (R. 680). Rising Star Casino informed the Court that "Rising Star Casino does not record or maintain surveillance footage of its individual hotel corridors." (R. 684-1 at Page ID 3107). Upon this confirmation from the Casino, the Court denied Kennedy's request for preservation of video footage. (R. 684).

Kennedy claims that the video evidence is needed to rebut the assertion by the United States that the evidence of sexual abuse was so overwhelming at trial that there was nothing Attorney Ashley could have done to change the outcome. (R. 755 at Page ID 3854). Kennedy argues that there was no evidence used to show that the minor victims were on a casino trip with him and that the video footage will show that the minor victims were either not present with him or were under the supervision of someone else. (*Id*. at Page ID 3855). Kennedy also argues that the footage will show that some of the Government's witnesses were lying about being at the Casino with Kennedy at the times relevant to his convictions. (*Id*. at Page ID 3858).

The Casino has previously responded to the Court that there are areas for which there is no security footage. (*See* R. 684-1 at Page ID 3107). While Kennedy is seeking footage from different locations than that initial request, Kennedy fails to convince the Court how an absence of footage of the victims at the Casino will support his ineffective assistance of counsel claims. Kennedy is

hoping that through looking at this footage, he will find something helpful (or in this case, not find something damaging) which will prove his attorney should have investigated better. Even if Kennedy is correct and there is a lack of video evidence that the witnesses or victims were at the Casino or were with him, this does not show that they were not there at all, as the Casino has confirmed there are areas that lack video surveillance. As this request is based on mere speculation, it will be denied as a "fishing expedition masquerading as discovery." *Stanford*, 266 F.3d at 460. Further, Kennedy's request, again while tangentially related to his ineffective assistance of counsel claims, is tied more closely to his guilt or innocence rather than the performance of his counsel. Kennedy has thus failed show how this discovery is material to his ineffective assistance of counsel claims. *See Thomas v. United States*, 2022 WL 428408, at *7 (W.D. Ky. Feb. 11, 2022) (finding that "[t]hough [the requested] documents do relate on some level to the factual background of [movant's] ineffective assistance of counsel claims . . .," the request was an "overbroad fishing expedition intended to allow Thomas to search for other evidence that would allow him to prove either his innocence or other grounds on which to seek habeas relief" and thus improper).

Fourth, Kennedy asserts that the request for records from the Attorney General will show that "my attorney . . . never investigated my case enough to obtain this information, to be able to present it as evidence to get the alleged second drug conspiracy charge dropped because of it being Double Jeopardy, showing ineffective assistance of counsel." (R. 756 at Page ID 3866). Such speculation fails to establish good cause to justify a discovery request. *See Dellinger v. Mays*, No. 3:09-cv-404-TAV-DCP, 2021 WL 463439, at *5 (E.D. Tenn. Feb. 9, 2021) (the court denied request for investigation files based on petitioner's speculative assertions as to what the file may contain). While Kennedy need not conclusively show the materiality of these records to his § 2255

16

Motion, discovery is not warranted based on mere speculation and conclusory allegations. *See Williams*, 380 F.3d at 974. Kennedy thus has failed to show good cause for this discovery.

Fifth, Kennedy asks the Court to order the United States to "release to petitioner the statement of his former Attorney Eric Ashley." (R. 779). In its Response to Kennedy's § 2255 Motion, the Government stated that it intended to submit an affidavit from Attorney Ashley within the week of the filing of its Response. (*See* R. 749 at Page ID 3680). Review of the docket shows that as of the date of this Order, no such affidavit has been filed. Accordingly, if an affidavit exists and the United States overlooked filing it, the Court will order that it do so within 14 days, with the certificate of service confirming that a copy was served to Kennedy.

### C.   Miscellaneous Discovery Requests

Finally, Kennedy does not specify to which of his habeas claims, if any, three of his discovery requests relate. Kennedy requests "the release of records - - [sic] consisting of reports, notes, requests, trial exhibits, and similar - - [sic] pertaining to the investigation of the criminal case and trial in which he is the defendant." (R. 753 at Page ID 3828). Kennedy had previously filed a motion to request the release of the same records before his § 2255 Motion was filed. (R. 724). The Court denied this motion as premature. (R. 736). Kennedy states only that these records are "germane to claims Petitioner has raised in his 28 USC § 2255 motion." (R. 753 at Page ID 3828). Kennedy further asserts that these records were "[u]sed or discussed at trial, establishing their relevance to Petitioner's conviction, and should have been included in the case file which counsel sent to Petitioner, yet none of the requested records were provided to Petitioner by counsel." (*Id*. at Page ID 3831). The United States responded, stating that it has no objection to the extent that Kennedy is requesting copies of the trial exhibits. (R. 760 at Page ID 3879). The United States asserts, however, that Kennedy has received all of the information that he is entitled to under the law through the United States' response to two separate FOIA requests. (*Id*.).

17

Kennedy has the burden of demonstrating to the Court that material he is requesting through discovery is material to his case.  *See Stanford*, 266 F.3d at 460.  Kennedy states only that the requested materials are "germane" to his § 2255 Motion and are related to his conviction.  (R. 753 at Page ID 3828).  Thus failing to set forth "specific allegations" that provide the Court "reason to believe that [the movant] may, if the facts are fully developed, be able to demonstrate entitlement to relief," *Cornell*, 472 F. App'x at 354, the request for the release of these records (R. 753) will be denied.[2]

Kennedy also requests that the Court order the Government, and specifically the AUSA assigned to his case, to provide "records showing when and how the government obtained details of a 2007 expunged state case and information on Jessica Vanover which was used at trial."  (R. 775 at Page ID 3957).  Kennedy claims the United States made materially false statements concerning the age of a mother of Kennedy's child that swayed the jury's opinion.  (*Id.* at 3958).  Kennedy also claims that the Government "unlawfully divulged information from an expunged Kentucky state case" and did not reveal its source.  (*Id.* at 3957).  Kennedy, however, fails to articulate how either allegation is related to the claims raised in his original § 2255 Motion.  Accordingly, Kennedy has not shown that this discovery would "resolve any factual disputes that could entitle him to relief." *Stanford*, 266 F.3d at 460.

---

[2]    To the extent that Kennedy is asking for the Court to provide him with copies of record evidence, his request fails to establish adequate need.  While a defendant proceeding in forma pauperis in a habeas action is entitled to court documents without cost as may be ordered by the presiding court pursuant to 28 U.S.C. § 2250, a defendant must first make a "showing of need."  *See United States v. Wheeler*, 6:06-21, 2012 WL 169987, at *2 (E.D. Ky. Jan. 19, 2012) (citations omitted); *Odom v. Capello*, 5:09-11197, 2010 WL 582784, at *1 (E.D. Mich. Feb. 18, 2010) (request for transcripts and documents denied for failure to articulate need.).  Kennedy merely states that the exhibits are "germane to his claims."  (R. 753 at Page ID 3828).  Kennedy fails to show how these documents would assist him in preparing a reply to his § 2255 Motion.  Absent a specific showing of need, specified documents of record may be requested and provided at the standard per page cost, according to Clerk's Office policy.

Kennedy has also filed a Motion to File Amended § 2255 Motion. (R. 738). This Motion will be addressed in substance when the Court takes up the merits of Kennedy's initial § 2255 Motion. To the extent Kennedy's remaining discovery requests are related to one of the three new grounds for relief raised in Kennedy's proposed Amended § 2255 Motion, Kennedy still fails to provide the court "reason to believe that [the movant] may, if the facts are fully developed, be able to demonstrate entitlement to relief." *Cornell*, 472 F. App'x at 354.

In short, the Federal Rules of Civil Procedure apply to § 2255 motions "to the extent that they are not inconsistent with any statutory provisions or [the Federal Rules Governing § 2255 Proceedings]." Rule 12 of the Federal Rules Governing Section 2255 Proceedings. "A motion to amend a § 2255 motion is governed by Federal Rule of Civil Procedure 15(a)," *United States v. Clark*, 637 F. App'x 206, 209 (6th Cir. 2016). "[A] Rule 15 motion will be denied where it is filed after [the statute of limitations] period expires unless the proposed amendment relates back to the date of the original pleading." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Courts "assess motions to amend habeas petitions for whether they address the same 'common core of operative facts' as the initial petition." *United States v. Clark*, 637 F. App'x at 209.

Kennedy's original grounds were that (1) "the government prosecuted [him] for the same offense in violation of the due process clause"; (2) his counsel was ineffective in "failing to adequately defend [him] against being prosecuted twice for the same conduct"; and (3) his counsel was ineffective in defending against the allegations of sex trafficking. (R. 726). Kennedy's additional grounds were that (1) the district court should have severed the drug charges from the charges of sex trafficking, (2) the district court should not have allowed use of an expunged conviction during cross examination at trial, and (3) Kennedy's counsel was ineffective for allowing the expunged conviction to be used at trial. (R. 738-1). The common core of operative

facts for all three new claims is different from the initial three claims raised in Kennedy's original § 2255 motion.

While Kennedy asserts in his first motion that his counsel was ineffective in defending him against the charges of sex trafficking, including in succeeding in having the sex trafficking and drug charge separated, he does not argue that the District Court erred in not severing the charges in his original § 2255 Motion. Further, Kennedy does not mention the expungement issue in any way in his initial Motion. These claims, therefore, will likely not relate back. *See Black v. United States*, No. 3:07-CR-61-TAV-HBG, 2015 WL 4873086, at *4 (E.D. Tenn. Aug. 13, 2015) (holding that amended claims that presented "entirely new legal theories, resolution of which hinges on occurrences wholly unrelated to any claim contained in his timely pleading" did not relate back). And, while Kennedy's initial motion does contain ineffective assistance of counsel claims, the key consideration is not the legal bases for the claims but whether they share a common core of operative facts. *See James v. United States*, No. 2:15-CR-25, 2019 WL 4122189, at *4 (E.D. Tenn. Aug. 29, 2019) ("True, the motion to vacate asserted claims of ineffective assistance of counsel. Nonetheless, the attorney misstep now alleged is not similar in type to the asserted attorney shortcomings presented in that pleading."). Accordingly, Kennedy's new claims that the district court should not have allowed use of an expunged conviction during cross examination at trial, and that Kennedy's counsel was ineffective for allowing the expunged conviction to be used at trial will likely not relate back. As the three new grounds for relief raised in Kennedy's proposed Amended § 2255 Motion will likely not relate back, Kennedy fails to provide the court "reason to believe that [the movant] may, if the facts are fully developed, be able to demonstrate entitlement to relief" to the extent his discovery requests relate to the three new claims asserted in Kennedy's proposed Amended § 2255 Motion. *Cornell*, 472 F. App'x at 354.

## IV.    CONCLUSION

20

In summary, the discovery motions filed by Kennedy will be denied at this time for failing to set forth good cause. If in addressing the merits of Kennedy's § 2255 Motion grounds the Court concludes any requests for discovery should be revisited, they will be reconsidered at that time. Kennedy's "Motion for Order Releasing Statement of Eric Ashley" (R. 779) will be denied without prejudice, with the United States ordered to file any affidavit that does exist, sending a copy to Kennedy. Finally, Kennedy will now be given an opportunity to file a reply both to the United States' Response to his § 2255 Motion and in support of his Motion to Amend § 2255 Motion.

Accordingly, for the reasons stated above, **IT IS ORDERED** as follows:

1)      Kennedy's Motion Requesting Subpoenas for State Prescription Drug Monitoring Program Records and/or Actual Pharmacy Records (R. 752) is hereby **denied.**

2)      Kennedy's Request for Order to Release Records (R. 753) is hereby **denied.**

3)      Kennedy's Motion to Compel Release of Entire Case File (R. 754) is hereby **denied.**

4)      Kennedy's Motion for Production of Material Evidence by Subpoena Duces Tecum (R. 755) is hereby **denied.**

5)      Kennedy's Motion to Compel Release of Entire File (R. 756) is hereby **denied.**

6)      Kennedy's Motion for Release of Records (R. 775) is hereby **denied.**

7)      Kennedy's Motion for Release of Unredacted Reports (R. 776) is hereby **denied.**

8)      Kennedy's Motion to Release Records of Interviews (R. 777) is hereby **denied.**

9)      Kennedy's Motion for Pain Clinic Records (R. 778) is hereby **denied.**

10)     Kennedy's Motion for Order Releasing Statement of Eric Ashley (R. 779) is hereby **denied without prejudice.**

11)    If the United States has an affidavit from Attorney Eric Ashley, it shall be filed within 7 days from the date of this Order, with the Government to include a certificate of service with its filing confirming that a copy was mailed to Kennedy.

12)    Kennedy shall have **21 days** from the date of this Order, the same being not later than **January 31, 2025,** to file his combined Reply to the Government's Response to his § 2255 Motion and Reply in support of his construed Motion to Amend his § 2255 Motion.

13)    In light of the most recent filing made by Venita Kennedy as being on behalf of Freddie Kennedy, the Clerk is instructed to mail a courtesy copy of this Order to Venita Kennedy at the address set forth on Record Entry 798.

Signed this 10th day of January, 2025.



Signed By:

*Candace J. Smith*

United States Magistrate Judge

G:\Judge-CJS\Case Notes\Habeas Cases\7-15-9 Freddy Kennedy - 2255\7-15-9-KKC-CJS-2 Kennedy discovery mtns order.docx