## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 7:15-CR-09-KKC** |
| **Plaintiff,** | |
| **v.** | **OPINION and ORDER** |
| **FREDDIE B. KENNEDY JR.,** | |
| **Defendant.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Freddie B. Kennedy, Jr.'s motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (R. 808.) For the following reasons, Kennedy's motion is DENIED.

On February 15, 2017, a jury convicted Kennedy on a charge of conspiracy to distribute oxycodone, seven counts of aggravated sexual abuse of a child, and ten counts of transportation of a minor with the intent to engage in criminal sexual activity. (R. 526.) By judgment dated March 29, 2017, Judge Thapar sentenced Kennedy to four consecutive terms of life imprisonment, followed by a lifetime term of supervised release (R. 607.)

Kennedy has attempted to reduce his sentence in many ways. He has unsuccessfully attempted to appeal his conviction and sentence to the Sixth Circuit, (R. 681) and has a pending 28 U.S.C. § 2255 motion (R. 726). In addition to those, Kennedy filed the present motion to reduce sentence under 18 U.S.C. § 3582 on February 11, 2026, due to his deteriorating health. (R. 808.)

18 U.S.C. § 3582(c)(1)(A) provides for what is commonly referred to as "compassionate release." Under that statute, either the Director of the Bureau of Prison or the defendant may move for a reduction in a defendant's term of imprisonment. A defendant may make his own

motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834.

Here, the government argues that Kennedy has not fully exhausted his administrative remedies with the BOP. Kennedy presented evidence that he asked the BOP for a sentence reduction on October 16, 2025. (R. 808-1. At 2.) That request was denied on December 1, 2025. (R. 810-1.) The government acknowledges that he has exhausted his administrative remedies relating to his medical conditions, but argues that he has not exhausted his remedies relating to inadequate medical care or his age. (R. 810 at 3.) To this end, the government has presented evidence that Kennedy is currently undergoing medical treatment for Hepatocellular Carcinoma ("HCC"). BOP records reflect that Kennedy is undergoing "Y90 treatment" and has a scheduled MRI for February 2026. (*Id.* at 5.) Because determining whether the evidence of exhaustion on the issue of adequate medical care is a close call, the Court will address Kennedy's request on the merits.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons

warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." However, the Sentencing Guidelines sets forth various circumstances that are "extraordinary and compelling." U.S.S.G. 1B1.13(b). Among those circumstances are the "Medical Circumstances of the Defendant." U.S.S.G. 1B1.13(b)(1). The medical circumstances include a) terminal illness; b) a medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; c) a condition that "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death" and d) "an ongoing outbreak of infectious disease" or "an ongoing public health emergency" when the defendant is an increased risk of suffering medical complications or death because of the disease or emergency.

Kennedy asserts that his medical conditions qualify him for a sentence reduction. Kennedy was recently diagnosed with HCC which in layman's terms is liver cancer. (R. 810 at 5.) Kennedy states that he received an end-of-life prognosis of no more than 3 years. (R. 808 at 1.) Kennedy is now 62 years old and is facing a plethora of other health conditions. (*Id.* at 2) He argues that the prison's healthcare deficiencies prevent him from receiving the life-extending care that he needs. (*Id.*)

While Kennedy's assertions seem to fall within the categories defined in U.S.S.G. 1B1.13(b)(1), the government's response paints a slightly different picture. The government presents evidence that Kennedy is currently undergoing medical treatment for HCC, a fact that Kennedy conveniently omits. BOP records reflect that Kennedy is undergoing "Y90 treatment" and has a scheduled MRI for February 2026. (*Id.* at 5.) Additionally, the government contests Kennedy's self-prescribed "end-of-life" trajectory of 2-3 years. (*Id.*)

3

Kennedy has presented no medical records which reflects such a trajectory. Additionally, the warden denied his request for compassionate release on the grounds that Kennedy's diagnoses are not "categorized as debilitating or terminal with an end-of-life trajectory less than 18 months." (*Id.* at 3.)

The Court cannot find extraordinary and compelling circumstances based on Kennedy's unsubstantiated assertion that he has "no more than 3 years to live." Because the government presents evidence that Kennedy has received and continues to receive treatment for his medical conditions, this Court has no basis on which to find that the medical treatment provided by the BOP is inadequate.

Even if the Court could make a finding that Kennedy has presented extraordinary and compelling circumstances, it must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *United States v. Jones,* 980 F.3d 1098, 1108 (6th Cir. 2020). These factors include:

(1)      the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)      the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D)      to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

(3)      the kinds of sentences available;

18 U.S.C. § 3553(a)(1)-(3).

The § 3553(a) factors also include the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

While the undersigned did not sentence Kennedy, a review of Judge Thapar's sentencing transcript reveals his motivations for imposing multiple life sentences:

> Only a life sentence meets the nature and circumstances of the offense. Only a life sentence meets the history and characteristics of the defendant. Only a life sentence would promote respect for the law. Only a life sentence would provide just punishment for the offense. Only a life sentence would hopefully deter others from doing these types of heinous crimes. Only a life sentence will protect the public, which includes the most vulnerable, our children, and unfortunately our addicts, from further crimes of the defendant. Only a life sentence will avoid an unwarranted sentencing disparity.

(R. 670: Judge Thapar's Sentencing Transcript.)

The undersigned has independently considered these factors for this motion, and agrees that Kennedy's life sentence should not be reduced. Kennedy was convicted of committing serious crimes. The evidence presented at trial showed that Kennedy used his position as a sponsor in a large-scale oxycodone trafficking organization to gain access to and sexually abuse a group of minor victims. His life sentence adequately reflects the seriousness of those offenses, promotes respect for the law, provides just punishment, adequate deterrence, and protects the public. Considering all of the §3553(a) factors, the Court cannot find that a reduction in Kennedy's sentence is appropriate.

Accordingly, the Court hereby ORDERS that Kennedy's motion for compassionate release (R. 808) is DENIED.

This 2nd day of March, 2026.

Signed By:

**_Karen K. Caldwell_**

**United States District Judge**