**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION AT PIKEVILLE**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 7:15-CR-09-KKC** |
| **Plaintiff,** | |
| **v.** | **OPINION and ORDER** |
| **FREDDIE B. KENNEDY JR.,** | |
| **Defendant.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Freddie B. Kennedy, Jr.'s Motion to Reconsider (R. 815) and Motion for Appointment of Counsel (R. 816). The relevant facts and legal analysis for Kennedy's 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release are detailed in the Court's previous Order. (R. 814.) Accordingly, the Court incorporates those portions of its prior Order (R. 814) by reference. For the following reasons, Kennedy's motions are DENIED.

### I. Motion to Reconsider

Kennedy moves the Court to reconsider its decision that denied his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit has explained that district courts should treat motions for reconsideration in criminal cases as if they were filed under Federal Rule of Civil Procedure 59(e) or 60. *United States v. Legette-Bey*, No. 24-3777, 2025 U.S. App. LEXIS 10401, at \*5 (6th Cir. Apr. 29, 2025) (citing *United States v. LaDeau*, 734 F.3d 561, 572 n.3 (6th Cir. 2013)); *see also United States v. Guzman*, No. 5:16-cr-41, 2019 U.S. Dist. LEXIS 157625 at \*3-4, 2019 WL 4418015 at \*2 (E.D. Ky. Sept. 16, 2019) ("[C]ourts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)."). A court may only grant a Rule 59(e) motion if the moving party shows (1)

a clear error of law; (2) newly discovered evidence; (3) an intervening change in the controlling law; or (4) a manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

Kennedy's reconsideration motion does not meet any of the four enumerated circumstances. He does not suggest that the Court made a clear error of law in its previous Order; does not suggest a change in the applicable law; and does not claim that there is manifest injustice. Kennedy does not rely on newly discovered evidence, but does request an attorney so he can obtain "community-based medical records and physician-statements not available to Petitioner through the Bureau of Prisons." (R. 815 at 2.) This request does not show that there is new evidence for the Court to reconsider. Rather, it is a request to attempt discovery in hopes to find new evidence. Because none of the Rule 59(e) elements are satisfied, Kennedy's Motion (R. 815) must be denied.

Even if the Court were to reconsider its previous decision, Kennedy's motion would be denied on the merits. Kennedy asserts that due to inaccurate advice from a lay inmate advocate, he was led to believe his original § 3582(c)(1)(A) motion was sufficient and that he would be appointed counsel to aid in collecting evidence for and arguing his claims. (*Id.* at 2.) Even if the Court were to accept Kennedy's claims as true, and assuming an appointed attorney could collect evidence to substantiate those claims, Kennedy fails to meet the standard required for companionate release.

In particular, Kennedy attacks the Government's assertion that the Warden denied his request for compassionate release because his condition was "not categorized as debilitating or terminal with an end-of-life trajectory less than 18-months." (R. 815 at 3.) Kennedy asserts that the Government's argument is flawed because he claimed to have only "two to three years" to live, not "less than 18-months." (*Id.*) In essence, Kennedy is rearguing the fact that he believes there are "extraordinary and compelling" circumstances necessary

for compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). The problem here is that a "motion to reconsider generally is not a vehicle to reargue a case; it may not be used to raise arguments that could have been raised on initial consideration." *United States v. Ladeau*, 734 F.3d 561, 572 (6th Cir. 2013). The Court has already determined that it "cannot find extraordinary and compelling circumstances . . . ." (R. 814 at 4.)

Even assuming Kennedy did present extraordinary and compelling circumstances, he has presented no evidence as to why the Court should reconsider its decision regarding the § 3553(a) factors. This omission is fatal. The compassionate release statute makes clear that it must first consider the § 3553(a) factors. *See* § 3582(c)(1)(A). The Court's previous Order found that:

> Kennedy's life sentence should not be reduced. Kennedy was convicted of committing serious crimes. The evidence presented at trial showed that Kennedy used his position as a sponsor in a large-scale oxycodone trafficking organization to gain access to and sexually abuse a group of minor victims. His life sentence adequately reflects the seriousness of those offenses, promotes respect for the law, provides just punishment, adequate deterrence, and protects the public. Considering all of the §3553(a) factors, the Court cannot find that a reduction in Kennedy's sentence is appropriate.

(*Id.* at 5.) Kennedy provides no evidence that any of the factors that the Court considered were clearly erroneous. Accordingly, his reconsideration motion must be denied.

## II.   Motion for Appointment of Counsel

Kennedy also filed a motion for appointment of counsel pursuant to 18 U.S.C. §3006A. (R. 816.) "The right to appointed counsel extends to the first appeal of right, and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also United States v. Manso-Zamora,* 991 F.3d 694, 696 (6th Cir. 2021). Here, Kennedy has no right to appointed counsel because no appeal has been taken and the time for filing such has long passed.

Additionally, Kennedy is not entitled to the appointment of counsel for his motion for a sentence reduction under 18 U.S.C. § 3582(c). *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009); *United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009); *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *United States v. Townsend*, 98 F.3d 510, 512–13 (9th Cir. 1996); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *United States v. Reddick*, 53 F.3d 462, 465 (2d Cir. 1995).

The decision whether to appoint counsel falls within this Court's discretion, subject to an "interests of justice" standard. *Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011); § 3006A(a)(2). This case does not constitute the requisite exceptional circumstances needed for this Court to grant Kennedy's request for counsel. Kennedy has demonstrated the ability to thoroughly research and analyze his claims. He has filed a § 2255 petition and numerous other motions. (R. 726; *see e.g.,* R. 804, 808, 815, 816.) His conduct demonstrates that this is not one of the "exceptional circumstances" that merit the appointment of counsel.

Accordingly, the Court hereby ORDERS the following:

1) Kennedy's Motion to Reconsider (R. 815) is DENIED; and

2) Kennedy's Motion to Appoint Counsel (R. 816) is DENIED.

This 23rd day of April, 2026.

**Signed By:**

*Karen K. Caldwell*

**United States District Judge**

4